IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
VALDOSTA DIVISION

| | | |
|---|---|---|
| JOHNNIE COPELAND, | : | |
| Petitioner | : | |
| | : | |
| VS. | : | 7 : 06-CV-38 (HL) |
| JAMES LANIER, Warden, | : | |
| Respondent. | : | |

**RECOMMENDATION**

The petitioner filed this federal habeas petition challenging his 2000 Tift County guilty pleas to armed robbery and kidnaping charges. The trial court accepted petitioner's pleas of guilty and sentenced him to 20 years, 14 to serve concurrently on each count. Petitioner did not file a direct appeal from his convictions. He did, however, file a state habeas petition on March 6, 2001, raising twelve grounds for relief. The state habeas court denied relief on August 17, 2004, and the Georgia Supreme Court denied petitioner's application for a certificate of probable cause to appeal on January 17, 2006.

According to the petitioner's testimony at his guilty plea hearing on June 16, 2000, in the Superior Court of Tift County, the petitioner pled guilty to having committed armed robbery and kidnaping on February 25, 2000, on which date he entered a convenience store, threatened the store clerk with a knife, put her in the store's cooler, and took a certain amount of currency from the store.

**STANDARD OF REVIEW**

Pursuant to 28 U.S.C. § 2254 (d)(1), a federal court may not grant habeas relief on the basis of a claim adjudicated on the merits in state court unless that adjudication "resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States." In interpreting this portion of the federal habeas rules, the Supreme Court has ruled that a state decision is "contrary to" clearly established Supreme Court precedent if the state court either (1) arrives at a conclusion opposite to that reached by the Supreme Court on a question of law, or (2) confronts facts that are "materially indistinguishable" from a relevant Supreme Court precedent and arrives at an opposite result. *Williams v. Taylor*, 120 S. Ct. 1495, 1519 (2000).

Moreover, the Court held that "[u]nder § 2254(d)(1)'s 'unreasonable application' clause, then, a federal habeas court may not issue the writ simply because that court concludes in its independent judgment that the relevant state-court decision applied clearly established federal law erroneously or incorrectly. Rather, that application must also be unreasonable." *Id*. at 1522.

An unreasonable application of Supreme Court precedent occurs "if the state court identifies the correct governing legal rule from [Supreme Court] cases but unreasonably applies it to the facts of the particular state prisoner's case." *Id.* at 1520. "In addition, a state court decision involves an unreasonable application of Supreme Court precedent 'if the state court either unreasonably extends a legal principle from [Supreme Court] precedent to a new context where it should not apply or unreasonably refuses to extend that principle to a new context where it should apply.'" *Bottoson v. Moore*, 234 F.3d 526, 531 (11th Cir. 2000) (quoting *Williams*, 120 S. Ct. at 1520)).

Accordingly, the petitioner must first establish that the state habeas court's adjudication of

2

his claims was "contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States." 28 U.S.C. § 2254(d)(1). In other words, as this is a post-AEDPA case, the petitioner herein may obtain federal habeas relief *only* if the challenged state court decision was either contrary to or an unreasonable application of Federal law as determined by the Supreme Court. *Williams*, 120 S. Ct. at 1519. [1]

*Ineffective Assistance of counsel*

In ground one of this petition, the petitioner argues that trial counsel rendered ineffective assistance of counsel, in that he allegedly failed to inform petitioner of the elements of kidnaping, failed to visit the crime scene, failed to interview the State's witnesses, failed to file a motion to suppress, failed to review the videotape of the robbery, failed to inform Petitioner regarding criminal intent, erroneously stipulated to the State's factual basis, advised petitioner to enter a blind plea, had petitioner enter a plea in conjunction with another defendant's plea on an unrelated case, failed to offer alternative solutions at sentencing, and failed to require the State to present a proffer of evidence by the victim.

In order to establish that his counsel's representation was constitutionally defective, the petitioner must show (1) that his counsel's representation was deficient, and (2) that the petitioner was prejudiced by his counsel's alleged deficient performance. *Strickland v. Washington*, 466 U.S. 668 (1984); *Smith v. Wainwright*, 777 F.2d 609, 615 (11th Cir. 1985).

---

[1] The court notes that although the Eleventh Circuit set out a three-part inquiry for applying § 2254(d)(1) in *Neelley v. Nagle*, 138 F.3d 917 (11th Cir. 1998), the court recognized after the Supreme's Court decision in *Williams* that the "viability of [the third] aspect of *Neelley* is questionable". *McIntyre v. Williams*, 216 F.3d 1254, 1257 (11th Cir. 2000). Thus, the proper reasonableness inquiry is whether the lower court's decision was objectively reasonable. *Id*.

The petitioner "must overcome the presumption, that, under the circumstances, the challenged action 'might be considered sound [trial] strategy'".  *Strickland*, 466 U.S. at 688 (quoting *Michel v. Louisiana*, 350 U.S. 91, 101 (1955)).  "Our role in collaterally reviewing state judicial proceedings is not to point out counsel's errors, but only to determine whether counsel's performance in a given proceeding was so beneath prevailing professional norms that the attorney was not performing as 'counsel' guaranteed by the sixth amendment."  *Bertolotti v. Dugger*, 883 F.2d 1503, 1510 (11th Cir. 1989).  The two-prong *Strickland* test applies to guilty plea challenges, although the prejudice requirement "focuses on whether counsel's constitutionally ineffective performance affected the outcome of the plea process.  In other words, in order to satisfy the 'prejudice' requirement, the defendant must show that there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial."  *Hill v. Lockhart*, 474 U.S. 52, 59 (1985).

The *Strickland* court stated that "[a] court need not determine whether counsel's performance was deficient before examining the prejudice suffered by the defendant as a result of the alleged deficiencies. . . . If it is easier to dispose of an ineffectiveness claim on the ground of lack of sufficient prejudice, . . . that course should be followed."  *Strickland*, 466 U.S. at 697.  The court's determination of prejudice to the petitioner must consider the totality of the evidence before the jury and ask if "the decision reached would reasonably likely have been different absent the errors."  *Strickland,* 466 U.S. at 696.

The state habeas court found that

> Petitioner has not shown that he would have pleaded not guilty and insisted on going to trail, but for his counsel's alleged failure to

> inform him as to the element of intent. It can be presumed that counsel explained the elements of armed robbery and kidnapping in sufficient detail to enable petitioner to know what he was being asked to admit.
>
> Counsel explained the evidence the state expected to use at trial against petitioner to him many times. Counsel explained that the victim intended to testify that Petitioner robbed her with a knife in the store in which she worked and apologized to her as he was in the process of robbing her. The victim would have testified that Petitioner attempted to take the store's video tape of the machine but failed. Counsel further explained that the victim would have testified that Petitioner took the money of the cash register, held the knife to her face, and escorted her to the back room where he put her inside of the cooler.

Resp. Exh. 2, p. 5.

It does not appear, nor has petitioner shown, that the state habeas court's decision in this matter was contrary to or an unreasonable application of federal law. The court cited to and relied on the principles governing ineffectiveness set forth in *Strickland v. Washington*, the clearly established law in this area, and determined that plaintiff's trial counsel provided the plaintiff with effective representation, having explained the State's evidence and the intended testimony of witnesses to the petitioner. Relying on the principles of *Strickland* and its incorporation into Georgia law, the court found that counsel was not deficient and did not prejudice petitioner at trial. The facts as found by the state habeas court evidence counsel's preparation for petitioner's representation, including the review of evidence in the possession of the prosecution. Therefore, this ground will not support the granting of habeas relief herein.

***Guilty Plea***

In ground 2, the petitioner argues that he did not knowingly and voluntarily enter his guilty plea, inasmuch as the State failed to establish jurisdiction, counsel failed to explain certain

questions to him, and the trial court accepted two pleas from two different defendants at the same time.  The state habeas court reviewed his claims, and after applying *Boykin v. Alabama*, 395 U.S. 238 (1969), concluded that the trial court properly advised the petitioner of his rights and that he would waive those rights by entering a plea of guilty.

> [T]he trial court explained the Boykin rights to Petitioner that he would be waiving if he entered a guilty plea.  The trial court read the indictment charging petitioner with armed robbery and kidnaping, wherein Petitioner admitted in detail to committing the crimes.  Petitioner's counsel acknowledged that Petitioner understood the nature of the charges, and petitioner stated in the affirmative that he did not have any complaints against counsel.

Resp. Exh. 2, p.3.

The petitioner has not shown that the state habeas court's findings are not entitled to deference, in that its decision was contrary to or an unreasonable application of federal law, namely *Boykin*, to the facts at issue. Thus, this ground will not support the granting of federal habeas relief.

### *Grounds waived by entry of guilty plea*

In portions of grounds 2, 3, and 4, the petitioner raises claims originally raised in his state habeas corpus petition, but ruled by the state habeas court to have been waived by the entry of petitioner's guilty plea.  Specifically, the petitioner argues that he suffered an unlawful arrest, that his convictions violate double jeopardy, that he suffered due process violations, and various issues involving lack of criminal intent, victim identification, venue and asportation.  As the respondent argues, these grounds were waived with the valid entry of the petitioner's guilty plea. *Tollett v. Henderson*, 93 S., Ct. 1602 (1973).   In *Tollett*, the Supreme Court reaffirmed that "a guilty plea represents a break in the chain of events which has preceded it in the criminal

6

process. When a criminal defendant has solemnly admitted in open court that he is in fact guilty of the offense with which he is charged, he may not thereafter raise independent claims relating to the deprivation of constitutional rights that occurred prior to the entry of the guilty plea. He may only attack the voluntary and intelligent character of the guilty plea by showing that the advice he received from counsel was not within the [appropriate] standards". *Id.* at 1608. *See also Tiemens v. U.S.*, 724 F.2d 928, 929 (11th Cir. 1984) ("A guilty plea waives all nonjurisdictional defects occurring prior to the time of the plea, including violations of the defendant's rights to a speedy trial and due process.").

The petitioner has not shown that the state court's decisions on these issues do not warrant deference under § 2254(d).

*Procedurally defaulted grounds*

In portions of ground 3 and 4, the petitioner raises claims not previously presented to the state courts. Counsel for the respondent asserts that these claims are procedurally defaulted, as petitioner did not raise these claims in his state habeas petition or on direct appeal.

A state prisoner may not obtain federal habeas relief on a claim that the state courts refused to consider due to his failure to timely raise the claim at trial and/or on appeal, unless the petitioner can establish cause for the failure and actual prejudice resulting therefrom, or a fundamental miscarriage of justice if the federal court does not consider the claims. *Wainwright v. Sykes*, 433 U.S. 72 (1977); *Coleman v. Thompson*, 111 S.Ct. 2546, 2565 (1991). Both cause and prejudice must be established in order to overcome the procedural bar, and the burden of demonstrating cause lies with the petitioner. *McCoy v. Newsome*, 953 F.2d 1252, 1260 (11th Cir. 1992).

"[T]he existence of cause for a procedural default must ordinarily turn on whether the prisoner can show that some objective factor external to the defense impeded counsel's efforts to comply with the State's procedural rule."  *Murray v. Carrier*, 477 U.S. 480, 488 (1986).  Herein, the petitioner has failed to establish either cause or prejudice for the procedural default of the claims at issue.  The petitioner has not established cause and actual prejudice to excuse the procedural default of these claims, nor has he established a fundamental miscarriage of justice if his claims are not heard.

Accordingly, it is the recommendation of the undersigned that this petition for federal habeas relief be **DENIED**.  Pursuant to 28 U.S.C. § 636(b)(1), the parties may file written objections to this recommendation with the Honorable Hugh Lawson, United States District Judge, WITHIN TEN (10) DAYS of receipt thereof.

**SO RECOMMENDED**, this 27th day of August, 2009.

               /s/ ***Richard L. Hodge***
               RICHARD L. HODGE
               UNITED STATES MAGISTRATE JUDGE

asb